Per Curiam.

The only basis of prejudice alleged by defendant Doris M. Brown in her affidavit is that the trial judge *46 had a prejudice against her because of his membership in the Ohio State Bar Association. There is no other fact of prejudice alleged. There is no allegation that the judge ever knew such defendant. She claims that to secure justice she must have an assignment of a judge who was not a member of the Ohio State Bar Association in 1955 or 1956.
It cannot be seriously contended that merely because a judge is a member of the Ohio State Bar Association he has a prejudice against a person he does not even know. The affidavit is frivolous and a sham. If it had been submitted to the Chief Justice for consideration, as the statute then required, the Chief Justice would have been under a mandatory duty to overrule it. See State, ex rel. Turner, v. Marshall, Chief Justice, 123 Ohio St., 586. Hence, although the trial judge had no authority to rule upon that affidavit, his action in overruling it was not prejudicial to defendant.
The Court of Appeals was in error in reversing the judgment of the trial court.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for appellant.

Judgment reversed.

Taft, C. .J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.